COMMON PLEAS COURT
BELMONT CO. OH

2017 APR 10  AM 10 01

DAVID S. TROUTEN JR.
CLERK OF COURT

## IN THE COURT OF COMMON PLEAS
## BELMONT COUNTY, OHIO

| | |
|---|---|
| MURRAY ENERGY CORPORATION<br>46226 National Road<br>St. Clairsville, OH 43950 | ) CASE NO.: 17 CV 140<br>)<br>) JUDGE: John A. Vavra |
| ROBERT E. MURRAY<br>46226 National Road<br>St. Clairsville, OH 43950 | ) <br>) <u>**COMPLAINT**</u> |
| MURRAY AMERICAN ENERGY, INC.<br>46226 National Road<br>St. Clairsville, OH 43950 | )<br>) **(JURY DEMAND ENDORSED HEREON)** |
| -and- | |
| THE OHIO VALLEY COAL COMPANY<br>46226 National Road<br>St. Clairsville, OH 43950 | |
| Plaintiffs, | |
| vs. | |
| DENISE JACKSON<br>62838 McMillan Road<br>Barnesville, Ohio 43713 | |
| -and- | |
| DENISE ZOMBOTTI<br>1005 Market Street<br>Clarington, Ohio 43915 | |
| -and- | |

PATRICK CASSIDY )
The First State Capitol )
1413 Eoff Street )
Wheeling, WV 26003-3582 )
)
-and- )
)
CASSIDY, COGAN, CHAPPELL AND )
VOEGELIN, L.C. )
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003-3582

                     Defendants.

Now come Plaintiffs Murray Energy Corporation, Robert E. Murray, Murray American Energy, Inc. and The Ohio Valley Coal Company (collectively, the "Murray Parties"), by and through counsel, and bring this action against Defendants, Denise Jackson, Denise Zombotti, Patrick Cassidy, and Cassidy, Cogan, Shapell, and Voegelin, L.C. (the "Cassidy Firm").[1] The Murray Parties state as follows:

## INTRODUCTION

1.     Murray Energy Corporation is an Ohio corporation with its principal place of business in Belmont County, Ohio.

2.     Robert E. Murray is the Chairman, President and Chief Executive Officer of Murray Energy Corporation.

3.     Murray American Energy, Inc. is a Delaware corporation with its principal place of business in Belmont County, Ohio. Murray American Energy, Inc. is a subsidiary of Murray Energy Corporation.

---

[1] For reasons set forth in this Complaint itself, much of the matter set forth herein, and that contained in the referenced attachments, is confidential. Accordingly, the Plaintiffs will first file a redacted Complaint with Exhibit D attached (this is the only non-confidential exhibit). Upon the Court's granting of the Plaintiffs' Motion to File Under Seal, the Plaintiffs will file an unredacted complaint, along with Exhibits A, B, C, and E.

2

4. The Ohio Valley Coal Company is an Ohio corporation with its principal place of business in Belmont County, Ohio. The Ohio Valley Coal Company is a subsidiary of Murray Energy Corporation.

5. Denise Jackson is a resident of Belmont County, Ohio

6. Denise Zombotti is a resident of Monroe County, Ohio.

7. Patrick Cassidy is an attorney whose principal place of business is in Wheeling, West Virginia. He is licensed to practice law in Ohio.

8. The Cassidy Firm is a West Virginia legal services corporation with its principal place of business in Wheeling, West Virginia. Mr. Cassidy (on information and belief) is a member and president of the Cassidy Firm.

## JURISDICTION AND VENUE

9. Ms. Zombotti and Ms. Jackson are Ohio residents and, on information and belief, the improper disclosure of information which they performed in this case took place in Ohio.

10. Mr. Cassidy, although a resident of West Virginia, has availed himself of the privilege of doing business in Ohio by becoming licensed to practice law here, and by practicing law here (including the filing of a lawsuit in Belmont County). His actions relating to the facts herein include writing a letter to the Murray Parties in Belmont County based on the improper disclosure of prior settlement information, and filing a lawsuit in Belmont County based on that same information.

11. Mr. Cassidy's actions are imputable, for purposes of jurisdiction, to the Cassidy Firm, as Mr. Cassidy is both a member and president of that firm.

State of Ohio
Belmont County
David S. Trouten Jr, Clerk of Courts, do hereby certify that the above is a true and correct copy of the original on file in this office.

David S. Trouten Jr, Clerk of Courts
By_____ Deputy

3

12. Venue is proper in Belmont County as Defendant Jackson resides here, all of the Defendants (on information and belief) performed activity here which gave rise to the claim for relief, and the Plaintiffs are located here.

## STATEMENT OF FACTS

13. During or prior to 2014, Ms. Zombotti and Ms. Jackson were employees of one or more of the corporate Murray Parties. This employment relationship ended in 2014.

14. Both Ms. Zombotti and Ms. Jackson worked for one or more of the corporate Murray Parties in Belmont County, Ohio.

15. Ms. Zombotti and Ms. Jackson alleged that they had suffered various employment-related misconduct from the Murray Parties, including alleged harassment and the perpetration of a hostile work environment by Mr. Murray.

16. The allegations raised by Ms. Zombotti and Ms. Jackson were never substantiated and no lawsuits were filed by either Ms. Zombotti or Ms. Jackson.

17. The Murray Parties denied, and continue to deny, the allegations raised by Ms. Zombotti and Ms. Jackson.

18. Mr. Cassidy, and the Cassidy Firm, represented Ms. Zombotti and Ms. Jackson with respect to their allegations of misconduct against the Murray Parties. Through this representation, Mr. Cassidy acted as the agent to each of Ms. Zombotti and Ms. Jackson in regard to their allegations against the Murray Parties.

19. Mr. Cassidy, and the Cassidy Firm, negotiated a confidential settlement of the claims of each of Ms. Zombotti and Ms. Jackson against the Murray Parties in October of 2014.

20. The allegations by Ms. Zombotti and Ms. Jackson were never publicly disclosed as part of any filing with any Court or agency.

4

21. Ms. Zombotti's confidential settlement with the Murray Parties (Exhibit A) will be filed under seal upon Court approval for such filing.

22. Ms. Jackson's confidential settlement with the Murray Parties (Exhibit B) will be filed under seal upon Court approval for such filing.

23. The Murray Parties fulfilled their obligations under the confidential settlement agreements. The Murray Parties paid to settle the claims of Ms. Zombotti and Ms. Jackson, and a significant proportion of these settlement payments was paid to Mr. Cassidy and/or the Cassidy Firm.

24. In their settlement agreements, both Ms. Zombotti and Ms. Jackson pledged to ███████████████████████████████████████████████ See Exhibits A and B, (respectively) at ¶9(b) (emphasis added).

25. Ms. Zombotti and Ms. Jackson likewise agreed ███████████████████████████████████████████████ See Exhibits A and B (respectively) at ¶9.

26. Under the terms of the Murray Parties' confidential settlement agreements with Ms. Zombotti and Ms. Jackson, ███████████████████████████████████████████████ See Exhibits A and B (respectively) at ¶6.

5

27. Teelea Nii is a resident of Cuyahoga County who, until November 15, 2016, was an employee of The Ohio Valley Coal Company ("Ohio Valley").

28. Ms. Nii worked for Ohio Valley in Cuyahoga County, Ohio. Ms. Nii did not work directly with either Ms. Jackson or Ms. Zombotti.

29. Ms. Nii's employment by Ohio Valley ended on November 15, 2016.

30. Ms. Nii's actions on or around November 15, 2016, were considered by Ohio Valley to be an abandonment of her employment. Ms. Nii disputed the fact that she had resigned, and sent an internal written complaint regarding the events leading to her resignation. That internal written complaint did not include any allegation of sexual harassment.

31. On December 2, 2016, Mr. Cassidy and the Cassidy Firm sent a letter to counsel for the Murray Parties indicating that he and his firm had been retained by Ms. Nii to pursue employment-related claims against the Murray Parties. (This Dec. 2, 2016 Letter, a pre-suit-settlement communication, will be filed under seal as Exhibit C as soon as the Court approves that filing).

32. The allegations made by Mr. Cassidy and the Cassidy Firm on Ms. Nii's behalf, centering on the alleged maintenance of a hostile work environment by Mr. Murray, were remarkably similar to the allegations previously made by Ms. Zombotti and Ms. Jackson (who were also represented by Mr. Cassidy and the Cassidy Firm).

33. Mr. Cassidy, in the Dec. 2 letter, stated that ████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

6

███████████████████████ See Exhibit C at pp. 1-2 (emphasis added). This statement could only refer to the prior, unsubstantiated claims of Ms. Zombotti and Ms. Jackson.

34. On Dec. 30, 2016, Mr. Cassidy and the Cassidy Firm filed a complaint in the Court of Common Pleas for Belmont County (Case No. 16-cv-480 or the "Nii Lawsuit") against Mr. Murray, Murray Energy Corporation and Ohio Valley, alleging employment-related claims against them. See Exhibit D, "Nii Complaint". That complaint stated that "Defendant Robert E. Murray has created a hostile work environment based on gender for the female associates/employees of Defendants' offices (including Plaintiff Teelea Nii) in both Cuyahoga and Belmont County, Ohio, which hostile work environment includes sexual harassment, attempts at quid pro quo sexual harassment, and other abusive and harassing disparate conduct towards Defendant Murray's female employees." See Exhibit D at ¶8. This language in the complaint could only refer to the past unsubstantiated claims of Ms. Zombotti and Ms. Jackson, which were settled on a confidential basis and for which a material component of the settlement was confidentiality.

35. On March 9, 2017, Mr. Cassidy sent a letter to the Murray Parties' counsel in the Nii Lawsuit, copying Ms. Nii on that letter. (This letter (the "March 9 Letter") will be filed under seal as Exhibit E as soon as the Court approves that filing). In that letter, Mr. Cassidy stated his intention of issuing a deposition subpoena for Mr. Murray (even though as a named party a subpoena would be improper), at which deposition ███████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████ (emphasis added). In the same letter, Mr. Cassidy indicated his refusal to enter into any protective order in the Nii Lawsuit, because

7

(in Mr. Cassidy's view) that lawsuit would focus only on Mr. Murray's alleged  *Id.* Mr. Cassidy closed the letter by urging counsel for the Murray Parties to engage in settlement talks to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* This combination of positions effectively expressed an intention to coerce the Murray Parties into settling the Nii Lawsuit via a threat to use information from the past confidential settlements (which Mr. Cassidy acknowledged were confidential settlements), and a similar threat that all information related to the past settlements would inevitably become public absent a protective order to which Mr. Cassidy would not agree. And, by copying Ms. Nii on the letter, Mr. Cassidy has already disseminated information regarding the confidential settlements to a nonparty to those settlements.

36. The facts therefore indicate: a) that Ms. Zombotti, Ms. Jackson, Mr. Cassidy and/or the Cassidy Firm violated the confidentiality obligations in the settlement agreements by (directly or indirectly) disclosing the alleged claims and settlement history to Ms. Nii; and/or, b) that Mr. Cassidy and the Cassidy Firm assisted in that improper disclosure. This disclosure induced Ms. Nii to pursue claims against the Murray Parties that she would not have otherwise alleged and did not previously allege, and Mr. Cassidy is actively and knowingly violating the confidentiality obligations in the past settlements by using information relating to those settlements as threats in the Nii Lawsuit.

37. Facts supporting the allegations in the preceding paragraph include: a) that Ms. Nii has brought claims against Mr. Murray, Murray Energy Corporation and Ohio Valley that are extremely similar to those previously raised by Ms. Zombotti and Ms. Jackson; b) that Ms. Nii did not raise these same types of claims in the internal written complaint she provided at the time

8

of her resignation or at any other time during her employment; c) that Ms. Nii had already retained counsel, and that counsel was already sending a demand letter, within less than a month of her separation of employment by Ohio Valley; d) that Ms. Nii, a Cuyahoga County resident who worked in Cuyahoga County, selected Mr. Cassidy and the Cassidy Firm—located in West Virginia—to handle her claims; e) that Mr. Cassidy and the Cassidy Firm are the same attorney and firm who had previously represented Ms. Zombotti and Ms. Jackson; f) that Mr. Cassidy directly referenced the prior, similar alleged claims against the Murray Parties in his Dec. 2, 2016 letter; g) that Ms. Nii's Complaint likewise referenced past allegations of harassment or misconduct that can only refer to the prior claims of Ms. Zombotti and Ms. Jackson; and, h) that Mr. Cassidy specifically threatened, in his March 9 Letter (on which Ms. Nii was copied), to depose Mr. Murray regarding the past settlements, and likewise threatened the Murray Parties with public dissemination of information relating to the past settlements and the claims underlying those settlements.

38. Pursuant to the settlement agreements, prior notice of this action was provided to Ms. Zombotti and Ms. Jackson – through their counsel, Mr. Cassidy – on March 24, 2017.

## COUNT ONE (BREACH OF EXPRESS CONTRACT)

## (AGAINST DEFENDANTS DENISE ZOMBOTTI AND DENISE JACKSON)

39. The Murray Parties repeat and reallege all of the allegations in Paragraphs 1 through 38 of this Complaint as if specifically set forth herein.

40. Ms. Zombotti and Ms. Jackson each agreed in their confidential settlement agreements (Exhibits A and B) to refrain from disclosing their claims against the Murray Parties, the amounts or details of their settlement, or any related information.

9

41. As the agent of each of Ms. Zombotti and Ms. Jackson, Mr. Cassidy was bound by the agreements to refrain from disclosing their claims against the Murray Parties, the amounts or details of their settlement, or any related information.

42. Ms. Zombotti, Ms. Jackson, and Mr. Cassidy (on information and belief) breached the confidentiality obligations in the settlement agreements by directly or indirectly disclosing information about the alleged claims against the Murray Parties, and the settlement of those claims, to Ms. Nii.

43. Ms. Zombotti and Ms. Jackson are liable for the actions of their agent Mr. Cassidy as if Ms. Jackson or Ms. Zombotti had committed these actions themselves.

44. Ms. Zombotti's, Ms. Jackson's, and Mr. Cassidy's breaches of contract have been and will be the immediate and proximate cause of damages to the Murray Parties in excess of $25,000, including but not limited to attorneys' fees and other costs paid by the Murray Parties in defense of Ms. Nii's lawsuit, any amounts paid in settlement or judgment of Ms. Nii's lawsuit, and all lost profits or lost opportunity damages, or other reputational harm, caused by the filing of Ms. Nii's lawsuit. Some or all of these costs are also owing to the Murray Parties due to the relevant provisions in the settlement agreements as set forth above, in Paragraph 26.

45. Additionally, and pursuant to the settlement agreements, the Murray Parties are entitled to an injunction restraining both former employees from any further breach of their agreements.

## COUNT TWO (TORTIOUS INTERFERENCE WITH CONTRACT)
## (AGAINST MR. CASSIDY AND THE CASSIDY FIRM)

46. The Murray Parties repeat and reallege all of the allegations in Paragraphs 1 through 45 of this Complaint as if specifically set forth herein.

10

47. Since Mr. Cassidy and the Cassidy Firm (collectively, the "Cassidy Defendants") represented Ms. Zombotti and Ms. Jackson in their prior claims against the Murray Parties, and assisted in negotiating the relevant settlement agreements, including the confidentiality provisions, the Cassidy Defendants knew of those former employees' contracts with Murray Parties, and knew of the confidentiality obligations contained within those contracts.

48. The Cassidy Defendants lacked any justification for interfering with, or procuring a breach of, the settlement agreements between Ms. Zombotti and Ms. Jackson, on the one hand, and the Murray Parties on the other.

49. The Cassidy Defendants nonetheless, on information and belief, intentionally procured a breach of those settlement agreements by initiating, participating and/or facilitating in the improper disclosure of information regarding those agreements (or of the prior claims of Ms. Zombotti and Ms. Jackson) to Ms. Nii, and by using such improperly disclosed information to assist Ms. Nii's claims both in Mr. Cassidy's Dec. 2, 2016 and March 9 letters and in Ms. Nii's Complaint.

50. The Cassidy Defendants' intentional and wrongful interference with the settlement agreements of Ms. Zombotti and Ms. Jackson has been the immediate and proximate cause of damages to the Murray Parties in excess of $25,000, included but not limited to attorneys' fees and other costs paid by the Murray Parties in defense of Ms. Nii's lawsuit, any amounts paid in settlement or judgment of Ms. Nii's lawsuit, and all lost profits or lost opportunity damages, or other reputational harm, caused by the filing of Ms. Nii's lawsuit.

<u>COUNT THREE (BREACH OF IMPLIED CONTRACT)</u>

<u>(AGAINST MR. CASSIDY AND THE CASSIDY FIRM)</u>

11

51. The Murray Parties repeat and reallege all of the allegations in Paragraphs 1 through 50 of this Complaint as if specifically set forth herein.

52. The Cassidy Defendants represented both Ms. Zombotti and Ms. Jackson in negotiating and finalizing their respective settlements with the Murray Parties.

53. On information and belief, the Cassidy Defendants were aware of, and approved, the provisions of the settlement agreements imposing confidentiality on the parties to those agreements.

54. On information and belief, the Cassidy Defendants were aware of, and approved, the provisions of the settlement agreements which specifically directed that substantial portions of the settlement proceeds to be paid by the Murray Parties were to be paid directly to Mr. Cassidy and/or the Cassidy Firm.

55. The Cassidy Defendants knew, or should have known, both that the confidentiality obligations assumed by Ms. Zombotti and Ms. Jackson would be meaningless if Mr. Cassidy and the Cassidy Firm did not abide by those same obligations, and that the Murray Parties were paying considerable sums of money (in part to the Cassidy Defendants) in exchange for those obligations.

56. Under these circumstances, the conduct and declarations of the parties evidenced a tacit understanding, or implied contract, on the part of the Cassidy Defendants to honor the confidentiality obligations contained in the settlement agreements executed by Ms. Zombotti and Ms. Jackson.

57. The Cassidy Defendants have violated their implied contractual obligations of confidentiality by participating or facilitating the improper disclosure of information in violation of the earlier settlement agreements, by referencing those settlements in an attempt to gain

12

settlement leverage with respect to Ms. Nii's case, by referencing the earlier settlements and/or allegations related to those settlements in Ms. Nii's Complaint against the Murray Parties, and by threatening public exposure of those settlements and the claims underlying them in order to achieve a settlement in the Nii Lawsuit.

58. The Cassidy Defendants' breach of their implied contractual obligations have been and will be the immediate and proximate cause of damages to the Murray Parties in excess of $25,000, including but not limited to attorneys' fees and other costs paid by the Murray Parties in defense of Ms. Nii's lawsuit and any amounts paid in settlement or judgment of Ms. Nii's lawsuit, and all lost profits or lost opportunity damages, or other reputational harm, caused by the filing of Ms. Nii's lawsuit. Some or all of these costs are also owing to the Murray Parties due to the relevant provisions in the settlement agreements, as set forth above, in Paragraph 26.

## COUNT FOUR (PROMISSORY ESTOPPEL)
## (AGAINST MR. CASSIDY AND THE CASSIDY FIRM)

59. The Murray Parties repeat and reallege all of the allegations in Paragraphs 1 through 58 of this Complaint as if specifically set forth herein.

60. By representing Ms. Jackson and Ms. Zombotti in negotiating the settlements with the Murray Parties, by approving the confidentiality obligations in those settlements, and by accepting substantial and direct payments made pursuant to those settlements, the Cassidy Defendants promised to abide by the terms of those settlements, including the confidentiality obligations.

61. The Murray Parties reasonably and foreseeably relied upon the Cassidy Defendants' promise, which reliance included the finalization of the settlement agreements and the payment by the Murray Parties of substantial sums of money to the Cassidy Defendants.

13

62. The Cassidy Defendants have violated their promise to the Murray Defendants, which violations include (without limitation) referring to the prior settlements or allegations of Ms. Zombotti and Ms. Jackson in multiple letters to the Murray Parties' counsel and in Ms. Nii's Complaint.

63. The Murray Parties have been injured through the Cassidy Defendants' violation of promises on which the Murray Parties relied, which injury exceeds $25,000 and other amounts to be determined at trial.

## COUNT FIVE (UNJUST ENRICHMENT)
## (AGAINST MR. CASSIDY AND THE CASSIDY FIRM)

64. The Murray Parties repeat and reallege all of the allegations in Paragraphs 1 through 63 of this Complaint as if specifically set forth herein.

65. The Murray Parties conferred a benefit upon the Cassidy Defendants by making substantial payments to them under the settlement agreements with Ms. Zombotti and Ms. Jackson.

66. The Cassidy Defendants had full knowledge of the benefits conferred upon them by the Murray Parties, and were specifically aware of the confidentiality obligations contained in the relevant settlement agreements.

67. Under these circumstances, it would be unjust for the Cassidy Defendants to retain the benefits conferred upon them by the Murray Parties after the confidentiality obligations in the relevant settlement agreements have been violated as set forth above.

68. The Murray Parties accordingly ask that the Cassidy Defendants pay damages an amount to exceed $25,000 and to be ascertained at trial.

14

## PRAYER FOR RELIEF

WHEREFORE, the Murray Parties respectfully request the following relief:

1. Actual damages to exceed $25,000, including but not limited to all amounts (including fees) paid or expended by the Murray Parties in connection with Ms. Nii's lawsuit.

2. Pre- and post-judgment interest.

3. An injunction to prevent further breach of the settlement contracts at issue.

4. An order that Ms. Nii is not permitted to use this improperly obtained information in the litigation related to the Nii Complaint.

5. Costs of litigation, including court costs and attorneys' fees, where applicable.

6. Such other relief as this Court deems appropriate.

Respectfully submitted,

*[signature]*

W. Eric Baisden (0055763)
Johanna Fabrizio Parker (0071236)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: ebaisden@beneschlaw.com
jparker@beneschlaw.com

*Attorneys for Plaintiffs, Murray Energy Corporation, Robert E. Murray, Murray American Energy, Inc. and The Ohio Valley Coal Company*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

*[signature]*

*One of the Attorneys for Plaintiffs*

Instructions for Service: to the Clerk

Please serve this Complaint with the attached discovery requests to Ms. Jackson, Ms. Zombotti, and Mr. Cassidy, and the Motion to File Unredacted Complaint and Exhibits A, B, C and E under seal, upon each of the following, via certified mail:

DENISE JACKSON
62838 McMillan Road
Barnesville, Ohio 43713

-and-

DENISE ZOMBOTTI
1005 Market Street
Clarington, Ohio 43915

-and-

PATRICK CASSIDY
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003-3582

-and-

CASSIDY, COGAN, CHAPPELL AND
VOEGELIN, L.C.
The First State Capitol
1413 Eoff Street
Wheeling, WV 26003-3582

9998253