UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MURRAY ENERGY CORPORATION,** *et al.*,

    **Plaintiffs,**

  v.

**CASSIDY, COGAN, CHAPPEL, AND VOEGELIN, L.C.,** *et al.*,

    **Defendants.**

Case No. 2:18-cv-440
**JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Plaintiffs Murray Energy Corporation, Murray American Energy, Incorporated, and the Ohio Valley Coal Company (collectively the "Debtors") have filed a motion to dismiss with prejudice (ECF No. 63). Plaintiff Robert E. Murray opposes the motion (ECF No. 68) and Defendants Cassidy, Cogan, Chappel, and Voegelin, L.C. and Patrick Cassidy (collectively "Defendants") do not oppose the motion (ECF No. 69). For the following reasons the motion to dismiss (ECF No. 63) is **DENIED without prejudice**.

**I.**

On May 4, 2018, this case was removed to this Court. (*See* ECF No. 1.) On November 4, 2019, discovery was stayed because the Debtors entered bankruptcy. (*See* ECF No. 53.) On March 26, 2020, the Debtors filed a motion to dismiss the case with prejudice under Federal Rule of Civil Procedure 41(a)(2). (*See* Mot. Dismiss, ECF No. 63.) The Debtors indicate they have filed for bankruptcy and have evaluated whether to proceed with this case considering their significant competing needs for their capital. (*Id.* at 1.) The Debtors indicate they have decided to dismiss their claims with prejudice to avoid any potential prejudice to Defendants. (*Id.* at 3.)

Mr. Murray opposes dismissal with prejudice. (Murray Resp. at 1, ECF No. 68.) Mr. Murray indicates he does not oppose dismissal of the Debtors' claims but opposes dismissal with prejudice because he is concerned a dismissal with prejudice may affect his ability to move forward with this case against Defendants. (*Id.* at 3-4.) Plaintiff asserts that "the risk to Mr. Murray of a preclusive effect far outweighs the Murray Energy Plaintiffs' reasoning behind their request for a dismissal with prejudice." (*Id.* at 3.) Defendants do not oppose dismissal so long as the dismissal is with prejudice. (Def.'s Resp. at 1, ECF No. 69.)

## II.

In their motion the Debtors purport to utilize Rule 41(a)(2) to dismiss their claims against Defendants. Importantly, however, in the Sixth Circuit Rule 41(a) is not the proper vehicle to dismiss less than the entirety of an action. *See Warfal v. Chase Bank, USA, N.A.*, No. 2:11-cv-699, 2012 U.S. Dist. LEXIS 441135, at *5 (S.D. Ohio Feb. 10, 2012); *Coleman v. Ohio State Univ. Med. Ctr*, No. 2:11-cv-49, 2011 U.S. Dist. LEXIS 83813, at *6 (S.D. Ohio Aug. 1, 2012); *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008); *In re Behr Dayton Thermal Prods. LLC Litig.*, No. 3:08-cv-326, 2012 U.S. Dist. LEXIS 21642, at *9–10 (S.D. Ohio Feb. 21, 2012). Instead, it is Federal Rules of Civil Procedure 15 and/or 21 which provide for voluntary dismissal of claims by some but not all of the plaintiffs in a case. *See Crozin v. Crown Appraisal Grp., Inc.*, Nos. 2:10-cv-581, 2:10-cv-764, 2012 U.S. Dist. LEXIS 5626, at *5–6 (S.D. Ohio Jan. 18, 2012).

Accordingly, this Rule 41 motion is DENIED without prejudice so that the Debtors may move under Rule 15 or 21.[1] *See id.* (noting that the Court had previously denied the plaintiffs'

---

[1] At times, this Court has gone on to analyze improperly brought Rule 41(a) motions under Rule 15 and/or 21 noting that filings are to be construed by their substantive content and not by their labels. *See Warfel*, 2012 U.S. Dist. LEXIS

motion to dismiss certain plaintiffs' claims from the lawsuit without prejudice noting that Rule 41 was not the proper vehicle to dismiss less than the entirety of an action).

### III.

The Debtors motion (ECF No. 63) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

| | |
|---|---|
| **6/11/2020** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |

---

441135 at *6; *Coleman*, No. 2011 U.S. Dist. LEXIS 83813 at *6–7.  In this case, however, because Mr. Murray objected to the Debtor's dismissal with prejudice and Defendants objected to a dismissal without prejudice the Court would like the Debtors to refile under the correct rule so that Mr. Murray and Defendants can determine whether they object.