# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MURRAY ENERGY CORPORATION,** *et al.*,

  **Plaintiffs,**

  v.

**CASSIDY, COGAN, CHAPPEL, AND VOEGELIN, L.C.,** *et al.*,

  **Defendants.**

**Case No. 2:18-cv-440**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

Plaintiffs Murray Energy Corporation, Murray American Energy, Incorporated, and the Ohio Valley Coal Company (collectively the "Debtors") have filed a motion to dismiss with prejudice (ECF No. 73). Plaintiff Robert E. Murray (Plaintiff Murray) does not oppose dismissal as long as it does not affect his claims (ECF No. 74) and Defendants Cassidy, Cogan, Chappel, and Voegelin, L.C. and Patrick Cassidy (collectively "Defendants") do not oppose the motion as long as dismissal is without prejudice (ECF No. 75). For the following reasons, the motion to dismiss (ECF No. 73) is **GRANTED.**

## I.

On May 4, 2018, this case was removed to this Court. (*See* ECF No. 1.) On November 4, 2019, discovery was stayed because the Debtors entered bankruptcy. (*See* ECF No. 53.) On March 26, 2020, the Debtors filed a motion to dismiss the case with prejudice under Federal Rule of Civil Procedure 41(a)(2). (*See* Mot. Dismiss, ECF No. 63.) The Debtors indicated they had filed for bankruptcy and had evaluated whether to proceed with this case considering the significant

competing needs for their capital. (*Id.* at 1.) The Debtors indicated they had decided to dismiss their claims with prejudice. (*Id.* at 3.)

Plaintiff Murray opposed dismissal with prejudice. (Murray Resp. at 1, ECF No. 68.) Plaintiff Murray indicated he did not oppose dismissal of the Debtors' claims but opposed dismissal with prejudice because he was concerned it may affect his ability to move forward with his case against Defendants. (*Id.* at 3-4.) Plaintiff Murray asserted that "the risk to Mr. Murray of a preclusive effect far outweighs the Murray Energy Plaintiffs' reasoning behind their request for a dismissal with prejudice." (*Id.* at 3.) Defendants did not oppose dismissal so long as the dismissal was with prejudice. (Def.'s Resp. at 1, ECF No. 69.) The Court found Rule 41(a) was not the correct rule under which to dismiss less than the entirety of the action. (*See* Op. & Order at 2, ECF No. 72.) As such, the Court denied the motion without prejudice. (*See id.*)

The Debtors have filed a second motion to dismiss them from the lawsuit, with prejudice, this time under Rule 21. (*See* Mot. Dismiss, ECF No. 73.) The Debtors also ask the Court to order that such adjudication has no preclusive effect on Plaintiff Murray's claims against Defendants. (*Id.* at 2–3.) Neither Plaintiff Murray nor Defendants oppose dismissal under these terms.

**II.**

The correct procedural vehicle for removing less than all parties or claims from an action is Federal Rule of Civil Procedure 21. That rule states, in full: "Misjoinder of parties is not ground for dismissing an action. On Motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. When evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants. *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 U.S. Dist. LEXIS 12305, at *2 (E.D. Tenn. Jan. 30, 2017). The purpose of this

2

prejudice analysis is "to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action." *Id.*(quoting *Crozin v. Crown Appraisal Grp., Inc.*, Nos. 2:10- cv-581, 2:10-cv-764, 2012 U.S. Dist. LEXIS 5626, at *2 (S.D. Ohio Jan. 18, 2012) (discussing the prejudice analysis under Rule 41)).

The Rule 41(a)(2) factors that a court considers in evaluating prejudice include: (1) the amount of time, effort and expense the defendants have incurred in trial preparation; (2) any excessive delay and lack of diligence by the plaintiffs in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether defendants have filed a motion for summary judgment. *Powell v. Honda of Am. Mfg., Inc.*, No. 2:06-cv-979, 2008 U.S. Dist. LEXIS 56991, at *9–10 (S.D. Ohio July 22, 2008) (citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Here, all of the parties agree that all factors weigh in favor of dismissing the Debtors' claims against Defendants. All efforts on the part of Defendant at this point will continue to be used in the remaining proceedings. There is no indication that the Debtors acted with any delay or lack of diligence and their explanation for the need to dismiss is sufficient. Defendants have not filed a motion for summary judgment. Thus, the Debtors claims are dismissed with prejudice and this action has no preclusive effect on Plaintiff Murray's pending claims. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, *on just terms*, add or drop a party") (emphasis added); *see also* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*) (emphasis added).

### III.

For the reasons stated herein, the Debtors' motion (ECF No. 73) is **GRANTED**. The Clerk is **DIRECTED** to terminate the following parties from this case: Murray Energy Corporation, Murray American Energy, Incorporated, and the Ohio Valley Coal Company.

    **IT IS SO ORDERED.**

**7/22/2020**                                           <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**